# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2020

Lyle W. Cayce
Clerk

No. 19-50603

RUBEN XAVIER MARTINEZ, Individually and as next friend of N. M.,

    Plaintiff - Appellant

v.

NEW DEAL INDEPENDENT SCHOOL DISTRICT,

    Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-832

Before DENNIS, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Plaintiff Xavier Martinez filed suit[1] under 42 U.S.C. § 1983 against New Deal Independent School District on behalf of his son, N.M., alleging that N.M.'s former school, New Deal High School (New Deal) denied him equal protection under the law. The thrust of Martinez's complaint is that after N.M. transferred to a new school, Cooper High School (Cooper), in the middle of his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Martinez originally filed suit against the University Interscholastic League (UIL), its executive director, and New Deal. The court dismissed Martinez's claims against the UIL and its executive director, and Martinez does not appeal that ruling.

No. 19-50603

sophomore year, New Deal filled out a Previous Athletic Participation form (PAPF)[2] for submission to the UIL[3] stating its belief that N.M. was transferring to Cooper for athletic purposes, while the school did not do the same for two other similarly situated students who transferred. The PAPF triggered a process that eventually resulted in N.M. being ineligible to participate in varsity sports at Cooper for one year. The district court dismissed the suit for failure to state a claim. Martinez appeals.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We review the district court's grant of a motion to dismiss de novo, accepting all well-pleaded facts as true and viewing them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

"Class-of-one equal-protection claims are 'an application of the principle' that the seemingly arbitrary classification of a group or individual by a governmental unit requires a rational basis." *Integrity Collision Ctr. v. City of Fulshear*, 837 F.3d 581, 587 (5th Cir. 2016) (alterations omitted) (quoting *Engquist v. Or. Dep't of Agr.*, 553 U.S. 591, 602 (2008)). To state a "class of one" claim under the Equal Protection Clause, the plaintiff must allege that: (1) the defendant intentionally treated plaintiff differently from others similarly situated, and (2) the defendant lacked a rational basis for the difference in treatment. *Lindquist v. City of Pasadena*, 669 F.3d 225, 233 (5th Cir. 2012).

---

[2] New Deal had to complete the PAPF in order for N.M. to be eligible to participate in varsity sports at Cooper.

[3] The UIL is a state-funded organization that coordinates and oversees the extra-curricular education of Texas public school students in various areas, including athletics.

2

No. 19-50603

Martinez's complaint alleges that there are two other students—J.J. and K.W.—who, like N.M., attended New Deal during their freshman year while residing outside the school district, participated in athletics at New Deal during their freshman year, transferred to Cooper during their sophomore year, and sought to participate in athletics as sophomores at Cooper. Martinez's complaint further alleges that New Deal reported to the UIL that N.M. was transferring for athletic purposes while it did not do the same for J.J. and K.W., and that no rational basis existed for the disparate treatment. We conclude the district court was correct to dismiss Martinez's claim, for two reasons.

First, the district court correctly concluded that N.M. was not similarly situated to J.J. and K.W.  The inquiry as to whether a litigant is similarly situated to others "is case-specific and requires us to consider 'the full variety of factors that an objectively reasonable . . . decisionmaker would have found relevant in making the challenged decision.'"  *Lindquist*, 669 F.3d at 234 (quoting *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1203 (11th Cir. 2007)). According to Martinez's complaint, J.J. and K.W. left New Deal after their freshman year and before their sophomore year began—i.e. in August 2017. N.M. left New Deal to transfer to Cooper in the middle of his sophomore year— in January 2018, after football season ended.  Moreover, the complaint indicates that J.J. transferred to Cooper when his family moved to that district, whereas N.M. transferred there after roughly two years of living in Cooper ISD.  And Martinez pleads that J.J. was denied permission to continue attending New Deal after moving, which indicates he transferred out of necessity rather than for athletic reasons.  In making its decision to fill out the PAPF differently for N.M. than for the other two students, New Deal, as an "objectively reasonable . . . decisionmaker would have found relevant" the timing and circumstances of the transfer.  *Id.*

3

No. 19-50603

Second, even assuming that N.M. is similarly situated to J.J. and K.W., Martinez fails to allege sufficient facts to support a reasonable inference that New Deal had no "rational basis" for its differing action. "When applying rational basis doctrine to a dismissal for failure to state a claim, a . . . classification must be treated as valid 'if a court is able to hypothesize a legitimate purpose to support the action.'" *Glass v. Paxton*, 900 F.3d 233, 245 (5th Cir. 2018) (quoting *Mahone v. Addicks Util. Dist. of Harris Cty.*, 836 F.2d 921, 934 (5th Cir. 1988)). The question on the PAPF asks the school: "Based on your knowledge of the student and their circumstances, is this student changing schools for athletic purposes?"[4] Therefore, a rational basis for the school's decision is its belief, based on its knowledge of N.M. and his circumstances, that he transferred for athletic purposes; this belief, even if erroneous, would provide a rational basis for New Deal's decision. *See Engquist*, 553 U.S. at 603 ("There are some forms of state action . . . which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be 'treated alike, under like circumstances and conditions' is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted."); *id.* at 613 (Stevens, J., dissenting) ("[T]he Equal Protection Clause proscribes arbitrary decisions—decisions unsupported by any rational basis—

---

[4] Though it would generally be considered a matter outside of the pleadings, we consider the PAPF here because it was attached as an exhibit to New Deal's motion to dismiss, referred to in Martinez's complaint, and is central to Martinez's claim. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 ("[B]ecause the defendants attached the contracts to their motions to dismiss, the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to dismiss."); *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

not unwise ones."); *Glass*, 900 F.3d at 246 ("[W]hen conceiving of hypothetical rationales for a [government action], the assumptions underlying those rationales may be erroneous so long as they are 'arguable.'"); *Da Vinci Inv., Ltd. P'ship v. City of Arlington*, 747 F. App'x 223, 227 (5th Cir. 2018) ("Decisions that are imprudent, ill-advised, or even incorrect may still be rational." (alteration omitted) (quoting *Rossi v. West Haven Bd. of Ed.*, 359 F. Supp. 2d 178, 183 (D. Conn. 2005))).

AFFIRMED.